Dorothea E. Donaldson, J.
This action for malicious prosecution arises from a charge by the defendant, the State of New York, against the claimant for practicing barbering without a license, and operating an unlicensed barbershop in violation of article 28 of the General Business Law, which prosecution resulted in an acquittal on the merits. Money damages are based on the claim that the prosecution charge was made with *166 malice and intent, and that newspaper notoriety defamed claimant with injury to his reputation, character and business opportunities.
Between 2:00 and 2:30 in the afternoon of February 20, 1961 the unemployed claimant, residing in a housing project apartment in the City of Troy was visited by one John Campion, an investigator for the Division of Licensing Services of the Department of State, who was inquiring into an anonymous complaint. Investigator Campion requested claimant to cut his hair, in the apartment. The claimant advised the investigator, before the haircut, that he did not do barbering at home as a business, he would make no charge for the haircut and that he had no barber chair. Following the haircut, the investigator inquired about the charge for the service and was advised that this service was performed gratuitously, whereupon the investigator inconspicuously left an amount in silver totaling $1.
Several months later, on April 4, 1961, claimant was served with a warrant for his arrest for practicing barbering without a license and for operating an unlicensed barbershop. He was apprehended at home by two officers from the Troy Police Department, was taken without handcuffs in an unmarked car to a police station where he was photographed, fingerprinted, booked, detained and later released on bail. Following many adjournments, trial was set for July 14, 1961, when, due to a misunderstanding with respect to the trial date, the counsel for the Secretary of State failed to appear, resulting in a dismissal of the charges by the Police Justice then sitting. Within two days, the misunderstanding of the trial date was corrected, new information was submitted to the Police Justice and a new warrant was issued. Claimant voluntarily placed himself within the jurisdiction of the Troy court. On August 7, 1961, trial was held at which claimant and investigator Campion téstified. On September 18, 1961 Police Justice Abraham C. Goldstbih of Troy rendered a decision acquitting the claimant of the charges.
Accounts of the arrest, adjournments, trial, decision and this action were printed in the newspapers. Claimant was threatened with eviction from the housing project based upon the newspaper reports that he was practicing a business therein. Such practice is specifically prohibited by the operator of the project. Through claimant’s attorney’s intervention, the proposed eviction was stayed.
Claimant testified that he had attended a barber apprentice school; that he had barber tools in his home and that he had worked as an apprentice barber; that before February 20, 1961, he had an apprentice barber license issued by the Division of *167 Licensing Services of the Department of State and that he was unaware on that date whether his license was still effective. Investigator Campion testified that during the course of the haircut he advised the claimant that he had been directed to his apartment for a haircut by a young boy whom he had met on the street. Claimant admitted that he had at times in his apartment cut the hair of his father, his brother and sons of a neighbor who was on welfare. There were no signs advertising barbering in the area of the apartment, nor did the claimant in any way hold himself out as a barber, cutting hair for monetary consideration. Upon cross-examination, investigator Campion testified that the story with respect to his referral by a young boy whom he met was a falsehood; that he had in fact approached the apartment following the receipt of an anonymous complaint in his supervisor’s office in the Licensing Division; that he was investigating the complaint in his normal manner; and that he at no time advised the claimant that his visit was associated in any way with a violation of article 28 of the General Business Law. A Deputy Secretary of State testified that this manner of inquiry by the investigator was condoned and considered a part of the usual practice of the Licensing Division and that investigation of the complaint followed the procedure authorized by his department.
The court takes a dim view of this type of practice in the investigation of a complaint without advising the person who may be accused that such visit is in consequence of a complaint and that the individual may be liable for prosecution. This practice in and of itself is ill-founded, unconscionable and intolerable. The manner in which this investigation was conducted is indicia of malice and is, in effect, an ‘‘ entrapment ’ ’. (United States v. Lynch, 256 Fed. 983. [D.C.S.D.N.Y., 1918].)
The court finds that all of the elements upon which a claim for malicious prosecution may be based have been fully proven.
Accordingly, it is found that the defendant, the State of New York, is liable for malicious prosecution and the claimant has sustained damage. Therefore, the court finds that the claimant has sustained damage in the amount of $5,000 for which an award is made. All motions made by the defendant, the State of New York, on trial, upon which the court reserved decision, are hereby denied.