■ ROBERT PETTALINO, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39919.) — *Per Curiam.* Appeal by the State from a judgment of the Court of Claims which awarded damages for malicious prosecution instituted by an investigator in the Department of State by information charging claimant with violating article 28 of the General Business Law, more specifically by (1) "practicing barbering" without a license and (2) "running an unlicensed shop in his home", of which charges claimant was later acquitted after trial in a Police Court. (Opinion in Court of Claims, 43 Misc 2d 165.) Following an anonymous telephone complaint, the investigator was directed to go to claimant's apartment where, upon request, claimant, who held no barber's license, cut his hair, in an unfurnished room in the apartment, where claimant had a set of clippers, comb, scissors, apron, bib and neck duster; following which, the investigator, according to his testimony, paid claimant $1. Claimant testified that he refused any payment but that his child, immediately after the investigator's departure, found on the window sill coins in the amount of $1, which he brought to claimant. In his verified claim, however, claimant had alleged that the investigator "shoved a dollar in coins into [his] hand" and the Police Justice before whom claimant was subsequently tried, on being called by claimant, testified in response to a question by claimant's attorney that he had found in his decision that "the Inspector voluntarily

placed a dollar in [claimant's] hand". The Police Court grounded the acquittal on its findings (1) that the act was "induced by a government official for the purpose of entrapment" and (2) that the defendant "didn't make any charges" for his services. In finding and awarding for malicious prosecution, the Court of Claims found that all the elements of the cause of action had been established, specifically predicating malice upon its finding of an entrapment and adopting claimant's version that he "advised that this service was performed gratuitously, whereupon the investigator inconspicuously left * * * one dollar." Assuming *arguendo* that the defense of entrapment was available (but cf. Proposed New York Penal Law [S. Intro. 3918, A. Intro. 5776 (1964)], § 75.05 and Commission Staff Notes, § 75.05), we are unable to agree with the conclusions of the Court of Claims Judge that it was established. The weight of the evidence, including the proof of claimant's willingness to commit the offense at the request of a complete stranger, as well as the evidence of the assortment of barbering equipment readily at hand, negates the theory of entrapment and indicates that, on the contrary, claimant was ready to commit the offense should the opportunity be furnished him, by the investigator or another (*People* v. *Williams*, 38 Misc 2d 80, 84). The suggestion that in such cases an investigator should first announce the purpose of his visit is unrealistic, to say the least, and the criticism of the Department of State's investigative practices as unconscionable is not warranted, for often offenses of this nature must necessarily be investigated with "some degree of active participation and inducement by a government agent" and such is proper in the exercise of good faith and with the purpose "not to induce an innocent person to commit a crime but to secure evidence against a guilty person". (*People* v. *Williams, supra,* pp. 83, 85, and authorities there cited.) Claimant's contradictory statements as to the payment of $1 might well warrant the rejection of his testimony in support of his damage claim as incredible, but payment, although given great stress in both of the courts concerned, was not an issue. The information did not charge the payment or receipt of compensation and no allegation or proof thereof was necessary to establish the commission of either of the offenses charged, whether that of "directly or indirectly engag[ing] in the practice of barbering" (General Business Law, § 444) as such "practice of barbering" is by statute defined (General Business Law, § 431, subd. 4), or that of "conduct[ing] a barber shop without a license therefor" (General Business Law, § 444). The principal objective of the statute is to safeguard health by sanitation and other measures (see General Business Law, §§ 430, 436, 438) and not to render commercial transactions unlawful per se. Certainly sanitation and skill are not to be tested by determining whether services unlawfully rendered are gratuitous or compensated. Thus the question of payment, which seems to have been treated in both courts as determinative, was of no vital consequence; although proof of payment would always be entitled to evidentiary weight in that the "practice" of the profession or "conduct" of a shop might more readily be inferred therefrom. The acquittal in the Magistrate's Court, although on improper ground perhaps, is understandable and is not a proper subject of criticism, collaterally at least; but upon claimant's own version of the transaction probable cause for prosecution was shown, malice was not established and the award of damages cannot be sustained. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.